LEE KINDER, Plaintiff, v. HUBERT UTTERBACK, Judge, et al., Defendants.

**INTOXICATING LIQUORS: Contempt—"Repute" as Evidence.** One may not be adjudged guilty of contempt in violating an injunction against the sale of intoxicating liquors solely on evidence that *he* was *reputed* to be the owner of the place where the unlawful sales took place.

*Certiorari to Polk District Court.*—HUBERT UTTERBACK, Judge.

JANUARY 11, 1921.

CERTIORARI proceeding in the nature of an appeal from an order of the district court adjudging the petitioner to be in contempt for violation of an injunction enjoining him from selling intoxicating liquors.—*Reversed.*

*J. D. Laws,* for plaintiff.

*H. M. Havner,* Attorney General, *A. G. Rippey, Verne Seeburger,* and *James E. O'Brien,* for defendants.

EVANS, C. J.—An injunction decree was entered against the petitioner, Lee Kinder, by the district court of Polk County, on October 14, 1918, which enjoined him from owning, keeping, or

selling intoxicating liquors contrary to law in Polk County. In June, 1919, he was cited for contempt for the violation of such injunction. Upon hearing, he was adjudged guilty, and was ordered to pay a fine of $600, with costs and attorneys' fees. We have no brief on behalf of the State. The point made by the appellant is that there was no evidence to sustain the judgment of contempt against him. The evidence has all been certified to us. The evidence on behalf of the State was sufficient to show unlawful sales of intoxicating liquors at a certain place of business described as 306 East Fifth Street, Des Moines. Such sales were made by Harry Puffer, who appeared to be in sole charge of the place, and who claimed to be the owner thereof. At the hearing in the district court, the attempt of the State was to show that Kinder was, in fact, the owner of such place. This is the crucial question in the case. The only evidence offered by the State in support of such contention was that he was *reputed* to be the owner. We know of no rule of evidence, statutory or otherwise, that permits such fact to be proved in such manner. The place purported to be one where soft drinks, temp brew, etc., were dispensed. Evidence for the State tended to prove that harder substances infiltrated the softness. It appears without dispute that the place was owned by Rutledge, on and prior to February 15, 1919. Rutledge testified that he sold the place to Harry Puffer. Puffer went into possession, took personal charge of the place, and so continued up to the time of his arrest and the arrest of the petitioner, Kinder. Puffer died, three or four days before the trial. The evidence for the State tended to show unlawful sales at this place, covering dates from April 3d to May 15th. On the latter date, certain officers went to the place, for the purpose of making arrests. They found Kinder and Waller on the sidewalk in front of the place, and found Puffer within. They ordered Kinder and Waller into the place, and arrested all three. There was evidence that Kinder was seen at the place many times, and evidence also that he was a regular customer of the place. There was no evidence that he had ever made any sales at such place, either lawful or unlawful, or that he had been concerned in any employment of any kind about the place. One circumstance is made to appear which would be deemed of considerable significance, if it had the support of other

incriminating circumstances. After the arrest of the three parties, and as they were about to leave the place, in custody of the officer, such officer directed that the cash should be removed from the register. Puffer requested Kinder to remove the same, and this request was complied with, the money being put into a sack, and left for safe-keeping in a near-by place of business. This circumstance, standing alone, in the light of its own immediate circumstances, is too unsubstantial and uncertain in its probative effect to justify any incriminating inferences therefrom. There was no other evidence than here indicated. Even if it had been competent to prove the fact by common repute, it is yet to be noted that the alleged reputation must have been established, if at all, since February 15th. This would be an incredibly short period of gestation. It ought not to be difficult to trace to some of its sources a reputation so recently established.

We hold, therefore, that the evidence on the record was not sufficient to sustain a finding that Kinder owned the place in question. The judgment for contempt must, therefore, be reversed and annulled.—*Reversed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.